404 A.2d 493.

SCHOOL COMMITTEE OF THE TOWN OF NORTH PROVIDENCE *vs.* NORTH PROVIDENCE FEDERATION OF TEACHERS, LOCAL 920, AMERICAN FEDERATION OF TEACHERS (AFL-CIO).

JULY 31, 1979.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

BEVILACQUA, C.J.    This is an appeal from a Superior Court order granting with prejudice the motion of the North Providence Federation of Teachers (the union) to dismiss the complaint of the plaintiff School Committee of the Town of North Providence (the school committee).

On August 18, 1977, an arbitrator issued an award in favor of the union after a hearing in which he found that the school committee had violated two contractual provisions of its collective-bargaining agreement with the union. On November 16, 1977, the school committee filed a complaint in Superior Court seeking to vacate the arbitrator's award. This complaint named the union as the party defendant, and service of the complaint was made on Richard A. Skolnik, Esquire, as the union's agent. Mr. Skolnik entered a special appearance on behalf of the union on November 19, 1977 to file a motion to dismiss the school committee's complaint.[1]. This motion was based upon the failure of the school committee to comply with G.L. 1956 (1969 Reenactment)

---

[1]The union, through Mr. Skolnik, filed a motion to dismiss pursuant to Super. R. Civ. P. 12(b)(5), thus raising the question of insufficiency of service of process. *See* 5 Wright & Miller, *Federal Practice and Procedure: Civil* §1353 at 578-79 (1969). Super R. Civ. P. 12(b)(5) provides as follows:

> "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counter-claim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:

> "(5) insufficiency of service of process * * *."

§9-2-12[2] regarding actions brought against unincorporated associations. Section 9-2-12 requires that actions brought against unincorporated associations be maintained against the president and secretary, or the officers or members of the association who substantially exercise the duties of the president and secretary, if such persons exist. Mr. Skolnik thus asserted that because service of process was made upon him, rather than upon the president and secretary of the union, who should have been named in the complaint, the service was insufficient and invalid with the result that the union was not submitted to the jurisdiction of the court.

On December 10, 1977, the school committee filed an amended complaint. This complaint added as party defendants George C. Cesana, in his capacity as president of the union, and Merle T. Dresner, as secretary. These additional defendants were served with the amended complaint on December 13, 1977. The next day, the three defendants filed an objection to the amended complaint. That same day, a hearing on the union's motion to dismiss was held before a justice of the Superior Court. After hearing arguments of counsel, the trial justice granted Mr. Skolnik's motion and dismissed the original complaint with prejudice.

The school committee is now before this court on appeal, arguing that the trial justice erred in granting the union's motion to dismiss. The union, in turn, contends that in view of the fact that the school committee did not file an original

---

[2]General Laws 1956 (1969 Reenactment) §9-2-12 provides:

"Actions against unincorporated associations.—Any action or other civil proceeding may be maintained to recover any property, or upon any cause of action for or upon which the plaintiff may maintain such an action or proceeding against all the associates, by reason of their interest or ownership, or claim of ownership therein, against the president and secretary of such association, or the officers or members exercising substantially the duties, respectively, of president and secretary, or if there be no such officer, or officers or members exercising such duties, or either of them, then against any other two (2) officers of such association, or if there be but one (1) officer, then against such single officer, or if there be no officer known to the plaintiff, then against any member of such association, describing such officer or officers, member or members, as the representative or representatives of such association."

complaint naming the proper parties within the three-month period of limitations contained in G.L. 1956 (1968 Reenactment) §28-9-21,[3] the trial justice properly dismissed the school committee's complaint with prejudice, forever barring the school committee from contesting the arbitrator's decision of August 18, 1977. Section 28-9-21 requires "[n]otice of a motion to vacate, modify or correct an [arbitrator's] award [to] be served upon the adverse party, or his attorney,[4] within (3) months after the award is filed or delivered * * *."

As noted in 1 Kent, *R.I. Civ. Prac.* §12.10 at 116 (1969), when the complaint shows on its face that the statute of limitations has run, that issue may be raised by a motion to dismiss. However, in the instant case, the union did not raise the statute-of-limitations issue in its motion to dismiss. Moreover, this issue was neither raised in the trial court nor addressed by the trial justice. Therefore, the statute-of-limitations issue may not be raised for the first time before this court on appeal. The only question before the trial court was whether service of process was insufficient due to non-compliance with the requirement in §9-2-12 to name the president and secretary in an action against the unincorporated association that they represent so that the Superior Court lacked jurisdiction to hear the case. Our duty is therefore to ascertain whether the trial court erred in dismissing the school committee's complaint with prejudice because of the jurisdictional defect.

---

[3]General Laws 1956 (1968 Reenactment) §28-9-21 provides in pertinent part as follows:

> "Time for motion to vacate, correct, or modify award—Stay of enforcement.—Notice of a motion to vacate, modify or correct an award must be served upon the adverse party, or his attorney, within three (3) months after the award is filed or delivered, as prescribed by law for service of notice of a motion upon an attorney in an action; except that in opposition to a motion to confirm an award, any of the grounds specified in §28-9-18 may be set up."

[4]This section is read in light of §9-2-12, note 2, which specifically relates to service of process upon the president and secretary of an unincorporated association.

In view of the fact that the school committee did not name the president and the secretary of the union in its action and served Mr. Skolnik pursuant to its original complaint, the trial justice would not have erred had she merely dismissed that complaint. A dismissal under Super. R. Civ. P. 12(b) (5) for insufficiency of process does not have the effect of res judicata, 5 Wright & Miller, *supra* §1353 n.1 at 584, because it is not an adjudication on the merits. *Bucholz* v. *Hutton*, 153 F. Supp. 62, 68 (D. Mont. 1957). Therefore, such a dismissal does not prejudice the plaintiff's right to file another complaint naming the proper party. *Id.* Dismissal with prejudice, however, constitutes a full adjudication of the merits as if the order had been entered subsequent to trial. *Gambocz* v. *Yelencsics*, 468 F.2d 837, 840 (3d Cir. 1972); *Cream Top Creamery* v. *Dean Milk Co.*, 383 F.2d 358, 362 (6th Cir. 1967). For this reason dismissal of the school committee's complaint "with prejudice" was unwarranted. *See Thomas* v. *Furness, (Pacific) Ltd.*, 171 F.2d 434, 435 (9th Cir. 1948). We therefore hold that the trial justice erred in dismissing the school committee's complaint with prejudice.

The school committee's appeal is sustained, the judgment appealed from is reversed and the case is remanded to the Superior Court for further proceedings in accordance with this opinion.

*Robert S. Ciresi,* for plaintiff.

*Abedon, Stanzler, Biener, Skolnik & Lipsey, Richard A. Skolnik, Lynette Labinger,* for defendant.