[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before this Court is defendant State of Rhode Island's motion to dismiss, with prejudice, plaintiff's claims against it pursuant to Rule 41 of Sup. Ct. R. Civ. P. Plaintiff poses no objection to dismissal of its claims but contends that any dismissal should be without prejudice.
This dispute arises from Cardi Corporation's (hereinafter "plaintiff") various contract claims against the State of Rhode Island (hereinafter "defendant"). In 1980, the General Assembly enacted legislation which waived the state's sovereign immunity specifically with respect to plaintiff's contract claims, limiting total recovery to $1,250,000. The General Assembly twice thereafter increased the state's maximum liability from $1,250,000 to $3,000,000 in 1984, and from $3,000,000 to $5,000,000 in 1986.
On July 30, 1986 this Court nunc pro tunc granted partial summary judgment in favor of the plaintiff, thereby leaving a number of plaintiff's claims unaddressed. On February 1, 1988 this Court entered an order which, together with principal, authorized accrual of pre-judgment and post-judgment interest in an amount not to exceed the $5,000,000 statutory limit. This Court specifically reserved jurisdiction over all of plaintiff's unadjudicated claims not resolved by the order for partial summary judgment.
Defendant now moves this Court to dismiss, with prejudice, plaintiff's unadjudicated claims, contending that such claims are barred by the doctrine of sovereign immunity because plaintiff has recovered damages on the adjudicated claims equal to the statutory limit. Alternatively, plaintiff asserts that its claims should be dismissed without prejudice because there has not been a proper adjudication on the merits.
The difference between a dismissal with prejudice and one without prejudice is significant. A dismissal with prejudice operates as a full adjudication on the merits which precludes a subsequent action on the dismissed claim. See School Comm. ofN. Providence v. N. Providence Fed'n. of Teachers, 122 R.I. 105, 109. By contrast, a dismissal without prejudice neither implicates the merits of the underlying action, nor precludes a subsequent action based on the same claims.
Rule 41(b)(2) of R.I. Sup. Ct. R. Civ. P., like its federal counterpart, provides that the court, upon defendant's motion, may exercise its discretion and dismiss any action for plaintiff's failure to comply with court rules on orders, or for lack of prosecution. Unless the court indicates otherwise, a dismissal pursuant to subsection b(2) operates as an adjudication on the merits, thus fully precluding subsequent action. Conversely, a dismissal which results from lack of jurisdiction, improper venue, or lack of an indispensable party does not operate as an adjudication on the merits and has no preclusive effect on the underlying cause of action.
As specifically identified in Rule 41(b), the grounds for dismissal which operate as an adjudication on the merits involve situations where the defendant incurs the inconvenience of preparing to address the merits of the plaintiff's case.Costello v. United States, 365 U.S. 265, 286 (1961). A dismissal based on plaintiff's lack of prosecution or failure to comply with court orders or rules, therefore, should preclude a subsequent action unless the court, exercising its discretion, decides otherwise. Id. A dismissal is without prejudice or preclusive effect, however, where it results from a want of jurisdiction, or is based on grounds which do not involve the merits. Id. A court's determination that a plaintiff's claim is unenforceable because the action is premature, or because certain preconditions remain unsatisfied does not reach the merits of the claim, nor preclude subsequent action when all prerequisites are satisfied. See Restatement (Second) of Judgments § 20 comment k (1982).
The defendant asserts that this Court should dismiss, with prejudice, the instant cause of action because the doctrine of sovereign immunity bars plaintiff's claims against the state. It is a fundamental rule of law that a state cannot be sued without its consent. Because a state may withhold its consent entirely, it may also subject its consent to such preconditions and limitations as the legislature deems desirable. Courts interpreting conditions and limitations to suits against the state commonly have construed such prerequisites as jurisdictional facts requiring plaintiff's full compliance. 81A C.J.S. States § 301 p. 961. Litigants cannot maintain a suit against the state unless they belong to a class of persons to whom the state has granted consent, or their cause of action is one to which the state has consented to amenability. 81A C.J.S. States § 301 p. 961.
In the instant case, the General Assembly specifically consented to a contract action against the state by the plaintiff, with potential damages limited to $5,000,000. The plaintiff thereafter prevailed on a motion for summary judgment with respect to certain claims, and recovered the full $5,000,000. The plaintiff is now unable to pursue the remaining unadjudicated contract claims against the state because it has effectively exhausted the full extent of the state's consent to be sued.
It is clear that this Court's dismissal of plaintiff's remaining claims against the state is not motivated by a lack of prosecution or by a failure to comply with this Court's rules or orders. If such were the case, Rule 41(b) would, in the absence of mitigating circumstances, require a dismissal with prejudice operating as an adjudication on the merits with preclusive effect. In this case however, this Court is precluded from hearing plaintiff's remaining unadjudicated claims only because plaintiff has exhausted the monetary limits of the state's consent. Without further consent from the General Assembly, plaintiff no longer satisfies the prerequisites necessary to maintain its unresolved contract claims against the state.
The prerequisites under which the state is amenable to suit are jurisdictional in nature. While plaintiff's failure to satisfy such jurisdictional requirements may require a dismissal, the merits of each dismissed claim remain unadjudicated. As this Court's decision does not go to the merits of the claims involved, this Court is satisfied that this dismissal should not have a preclusive effect. Accordingly, this Court dismisses plaintiff's unadjudicated claims against the state without
prejudice. Should the State of Rhode Island hereafter consent to plaintiff's remaining contract claims, this dismissal shall not preclude plaintiff's subsequent cause of action.
Counsel for plaintiff shall prepare and submit an Order consistent with this decision.