**Dennis DiPINTO and Kieran Cunningham, Plaintiffs, Appellants,**

**v.**

**John SPERLING, In His Capacity as President of Lodge # 8 of the Fraternal Order of Police and the City of Newport, et al., Defendants, Appellees.**

**No. 93–1671.**

United States Court of Appeals, First Circuit.

Heard Oct. 4, 1993.

Decided Nov. 5, 1993.

---

Kevin B. McBurney with whom DiPinto Associates was on brief, for appellants.

Joseph J. Nicholson, Jr., for appellee City of Newport.

Donald A. Woodbine with whom Vogel, Souls & Woodbine was on brief, for Lodge # 8 of the Fraternal Order of Police.

Before BREYER, Chief Judge,
ROSENN,* Senior Circuit Judge, and CYR, Circuit Judge.

CYR, Circuit Judge.

Appellants, former probationary police officers with the City of Newport, Rhode Island, were summarily terminated in June, 1989. They then filed separate state court suits against the City of Newport and certain City officials [collectively: the "City"], claiming deprivations of their alleged entitlement to a hearing under Rhode Island law. The state court dismissed their claims, with prejudice,[1] on the ground that Rhode Island law affords probationary police officers no right to a termination hearing.

Appellants then brought this action in the United States District Court for the District of Rhode Island for alleged violations of the collective bargaining agreement and their civil rights, *see* 42 U.S.C. § 1983, arising from the City's failure to afford them a termination hearing. Their complaint also as-

---

* Of the Third Circuit, sitting by designation.

1. The Rhode Island Supreme Court likewise upheld plaintiff Cunningham's termination. DiPinto did not appeal.

serted claims against the Fraternal Order of Police Lodge # 8 [the "Union"] for breach of its duty of fair representation. The district court adopted the recommended decision of a magistrate judge, and entered summary judgment against appellants. We affirm.

### I. *Claims Against the City.*

 Federal courts must accord a state court judgment the same preclusive effect it would receive in the state where it was rendered. *Allen v. McCurry,* 449 U.S. 90, 96, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980) (§ 1983). Under the Rhode Island doctrine of res judicata (claim preclusion), a final judgment on the merits precludes later litigation of the same claim by the same parties. *Coates v. Coleman,* 72 R.I. 304, 51 A.2d 81, 85 (1947). *See Capraro v. Tilcon Gammino, Inc.,* 751 F.2d 56, 58 (1st Cir.1985) (per curiam). A dismissal, with prejudice, constitutes a final judgment on the merits. *School Comm. of North Providence v. North Providence Federation of Teachers,* 122 R.I. 105, 404 A.2d 493, 495 (1979). As the City was a party to the state court actions, we need only consider whether appellants had a full and fair opportunity in the state court to litigate against the City all issues raised in the present action. *Kremer v. Chemical Constr. Corp.,* 456 U.S. 461, 480–81, 102 S.Ct. 1883, 1896–97, 72 L.Ed.2d 262 (1982). Appellants do not deny that they had a full and fair opportunity to litigate their claims against the City in state court; indeed, they admittedly *chose,* for strategic reasons, not to raise "the current ... issues." Consequently, their claims against the City are res judicata.[2]

### II. *Claims Against the Union.*

 A claim for breach of a Union's duty of fair representation cannot succeed absent a showing, *inter alia,* that the underlying action against the employer was meritorious. *Kissinger v. U.S. Postal Service,*

801 F.2d 551, 553 (1st Cir.1986). *Cf. Hines v. Anchor Motor Freight,* 424 U.S. 554, 570–71, 96 S.Ct. 1048, 1059–60, 47 L.Ed.2d 231 (1976). Here, the Union duly interposed its collateral estoppel defense (issue preclusion) in response to appellants' present attempt to relitigate the merits of their unsuccessful claims to a termination hearing. Mutuality of parties is not essential to a collateral estoppel defense under Rhode Island law. *Providence Teachers Union, etc. v. McGovern,* 113 R.I. 169, 319 A.2d 358, 361 (1974). Since appellants are collaterally estopped from relitigating the merits of their underlying claims against the City—an essential element of their unfair representation claims against the Union—the district court correctly entered summary judgment in favor of the Union. *See Goldman v. First Nat'l Bank of Boston,* 985 F.2d 1113, 1116 (1st Cir.1993).[3]

The district court judgments in favor of the appellees must be affirmed.

### *Affirmed.*

---

2. Appellants now assert that the City violated their civil rights *after* the state court judgments were entered. As this claim was not presented below, we decline to consider it. *Nieves v. University of Puerto Rico,* 7 F.3d 270, 281, n. 19 (1st Cir.1993).

3. Insofar as their complaint may attempt to plead claims not dependent on precluded grounds, appellants failed to come forward with specific evidence, or authority, sufficient to demonstrate that the Union is not entitled to judgment as a matter of law. *Id.*