F.G.C. INTERNATIONAL (USA)

v.

ANN AND HOPE, INC.

No. 97–248–Appeal.

Supreme Court of Rhode Island.

March 27, 1998.

Joseph C. Lopes, Providence.

Joel S. Chase, Warwick.

### ORDER

This matter came before a panel of this Court on March 17, 1998 pursuant to an order directing both parties to appear and show cause why the issues raised by the defendant's appeal from a final judgment entered in the Superior Court granting the plaintiff's motion for issuance of an execution should not be summarily decided.

After hearing the arguments of counsel and reviewing the memoranda submitted by the parties we are of the opinion that cause has not been shown. The issues raised in this appeal will be decided at this time.

On January 28, 1993, Ann & Hope, Inc. (defendant), a retail business incorporated in Rhode Island, placed an order for merchandise with Madco, Inc. (Madco), an independent manufacturer's representative located in Massachusetts. The order for merchandise was negotiated in Rhode Island between the defendant's senior buyer and the principal of Madco. One of the manufacturers that Madco represented and from whom the defendant ordered merchandise was F.G.C. International (FGC), a California corporation with its principal offices in California. There was never, at any time, any direct contact between the defendant and FGC.

On April 22, 1993, the defendant received the merchandise from its first order placed with Madco. However, that merchandise arrived late. Consequently, the defendant contacted the principal at Madco and canceled its second order.

In May 1994, FGC sued the defendant in an action brought in California, alleging therein breach of contract, breach of oral contract and common count. Because the defendant believed that California did not have jurisdiction over the matter, it did not enter an appearance in the California action or in any other manner respond to the suit. FGC obtained a default judgment in the California action and then sought to enforce that judgment in Rhode Island by filing a motion for issuance of an execution in the Superior Court. The defendant objected to that motion and submitted in support thereof an affidavit signed, under oath, by the president of the defendant corporation. That affidavit recited various facts demonstrating the defendant corporation's limited and/or non-existent contacts with California. On February 5, 1997, the Superior Court granted FGC's motion and the defendant appealed therefrom.

The full faith and credit clause, Article 4, Section 1 of the United States Constitution, provides that a state court must enforce and give effect to a judgment of a court of a sister state, provided, upon inquiry, the court

is satisfied that its sister court properly exercised subject matter and in personam jurisdiction. *Maryland Central Collection Unit v. Board of Regents for Education of the University of Rhode Island,* 529 A.2d 144, 152–53 (R.I.1987). Certainly a sister state's exercise of that jurisdiction can be challenged in a state where a judgment from that sister state is sought to be enforced. *Video Products Distributors v. Kilsey,* 682 A.2d 1381, 1382 (R.I.1996).

The California judgment against the defendant Ann and Hope, Inc. is purportedly pursuant to Cal.Civ.Proc.Code § 410.10 (West 1993) that provides for California courts to exercise long arm jurisdiction over nonresidents. The standard for determining whether that assumption and exercise of long arm jurisdiction is proper is "whether the defendant had certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Seagate Technology v. A.J. Kogyo Co., Ltd.,* 219 Cal. App.3d 696, 700–01, 268 Cal.Rptr. 586 (1990) (quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102 (1945)).

We conclude on the particular facts in this case that under California law the California court lacked both the general or specific jurisdiction necessary for us to accord its judgment full faith and credit.

Under California law, a nonresident is subject to the jurisdiction of California courts when there exists general or specific jurisdiction. General jurisdiction is defined by the California courts to exist when a nonresident maintains contacts with California that are substantial, systematic and continuous. *Vons Companies Inc. v. Seabest Foods, Inc.,* 14 Cal.4th 434, 58 Cal.Rptr.2d 899, 926 P.2d 1085 (1996). Specific jurisdiction is defined as existing when a nonresident purposefully avails himself or herself of the benefits of California and the controversy is related to or arises out of the specific contacts the nonresident maintains with the state. *Id.* Once a court concludes that the nonresident has minimum contacts with California, the court must consider those contacts in light of other factors in order to determine whether subjecting the nonresident to California jurisdiction comports with fair play and substantial justice. *Id.*

The affidavit submitted by the defendant in the Superior Court establishes that the defendant had no contacts with California, either related to the specific transaction involved in this appeal or in general. The defendant's affidavit asserts that the defendant corporation never designated an agent for service of process in California, never was authorized to do business in California, never owned real or personal property in California, never maintained bank accounts in California, never owned, maintained or franchised any retail operations in California, never was listed in any California phone books, never maintained any offices in California, never sold any product to any purchaser in California, never maintained any books, records or stock of goods in California, never employed a full or part time salesperson or a sales agent offering products for sale in California, never actively solicited business in California, and never caused an employee or agent to communicate with or solicit FGC in regards to the transaction that is the subject matter of the within dispute. The evidence presented in the affidavit was uncontroverted by FGC.

Accordingly, for all the foregoing reasons, the defendant's appeal is sustained. The final judgment entered in the Superior Court granting the motion of FGC for issuance of an execution is vacated. The papers in this case are remanded to the Superior Court with directions to enter a judgment in accordance with this order.

WEISBERGER, C.J., and GOLDGERG, J., did not participate.