[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
This matter came on for hearing before Mr. Justice Lanphear on March 15, 2004 on defendant's motion to dismiss for insufficient service of process.
On July 4, 2000 the parties were involved in a motor vehicle collision in Narragansett, Rhode Island. Ms. McCarthy filed a complaint in the Washington County Superior Court on June 18, 2003.[1] On August 1, 2003 a Connecticut State Marshal left a copy of the summons and complaint at an Ellington, Connecticut address with a person of suitable age and discretion. The plaintiff presumed that this was Mr. Durham's usual place of abode, as the same address was used on the accident report.
The case remained dormant and no default was ever filed. On December 11, 2003, plaintiff's counsel sent a copy of the complaint to an insurance adjustor representing Mr. Durham. In January, 2004 Mr. Durham answered the case and thereafter filed this motion to dismiss. The motion is accompanied by an affidavit from Mr. Durham stating that he had not resided at the Ellington, Connecticut address since 2000, and that he has resided in Rhode Island for three years.
Mr. Durham's affidavit states that Ellington, Connecticut was not his usual place of abode. While his statement is conclusory, Ms. McCarthy has done nothing to rebut its validity. Though over a month passed before the hearing, Ms. McCarthy produced no address search, voter registration, telephone directory, deposition testimony or other proof that Mr. Durham may have resided at the Connecticut location. While Mr. Durham may have also had a place of abode elsewhere,[2] his affidavit remains undisputed. The court is left to rely on the uncontested affidavit. See Kalooski v. Albert-Frankenthal AG,770 A.2d 831, (2001); F.G.C. International (USA) v. Ann and Hope, Inc.,714 A.2d 608 (1998).
Rhode Island Superior Court Rule of Civil Procedure 4 explicitly describes the methods of effectuating service of process on individuals in other states:
 Upon an individual by delivery of a copy of the summons and complaint to the individual personally by any disinterested person, or by mailing a copy of the summons and complaint to the individual by registered or certified mail, return receipt requested, or by any other method ordered by the court.
It is noteworthy that none of these methods refers to one's place of abode, a term used for service within Rhode Island. Instead, the rule describes particular methods whereby the service would be received directly by the individual and proof of receipt by the served would result.[3]
In this case there is no proof that the individual was served in hand or by certified mail. No special order for process was sought. Accordingly, the case will be dismissed.
Dismissal for failure to effectuate service of process is without prejudice. As the comment to R.C.P. 4 states:
 Under the amendment to Rule 3 the action is always commenced by filing the complaint or mailing it to the clerk, not by delivering process to an officer. The consequence of failure to then effect service is dismissal without prejudice.
The Supreme Court has held that dismissals for failure to timely effect service of process are without prejudice. Lindia v.Nobles, 760 A.2d 1244 (R.I. 2000). See also SchoolCommittee of Town of North Providence v. North ProvidenceFederation of Teachers, Local 920, Am. Federation of Teachers(AFL-CIO), 404 A.2d 493, 495, 122 R.I. 105, 109 (R.I. 1979) andJackson v. Medical Coaches, 734 A.2d 502, 507 (1999).
Accordingly, this case is dismissed without prejudice.[4]
Counsel for defendant shall prepare an appropriate order.
[1] Ms. McCarthy's attorney indicates that on June 24, 2003 he sent a letter by regular mail to defendant's Elllington address requesting that he accept service. There was no response.
[2] We would further note that in today's highly mobile society it is possible that a defendant may maintain more than one dwelling place or usual place of abode for the purposes of Rule 4(d)(1). Lavey v. Lavey, 551 A.2d 692, 695 (R.I. 1988) citingKarlin v. Avis, 326 F. Supp. 1325, 1329 (E.D.N.Y. 1971).
[3] Service of nonresidents is allowed per R.I.G.L. section9-1-33 and should be construed strictly. The court held inPlushner v. Mills, 429 A.2d 444, 446 (R.I., 1981): "We have in the past emphasized the principle that legislative enactments relating to service of process are to be followed and construed strictly, since jurisdiction of the court over the person of the defendant is dependent upon proper service having been made."Barthlein v. Ellis, 112 R.I. 646, 648, 314 A.2d 426, 427
(1974). However, "(i)n construing the (court) rules it has been our practice to look for guidance in the precedents of the federal courts, upon whose rules those of the (court) are closely patterned." Nocera v. Lembo, 111 R.I. 17, 20, 298 A.2d 800, 803
(1973).
[4] At hearing, counsel for plaintiff was concerned that, due to defendant's delay in moving to dismiss, the statute of limitations may prejudice his client from being heard on the merits. While not reaching the issue, the court notes that the General Assembly appears to have prepared for this potential inequity by enactment of R.I.G.L. §§ 9-1-18 and 9-1-22.