Michael **MARRA**

v.

Dennis **FINLAY**, Treasurer for the Town of Smithfield et al.

No. 2004–318–Appeal.

Supreme Court of Rhode Island.

Jan. 13, 2006.

Michael Marra.

Marc DeSisto, Providence.

**AMENDED ORDER**

The plaintiff, Michael Marra, appearing *pro se*, appeals from a Superior Court final judgment dismissing his complaint against the Town of Smithfield (town) under Rule 41(b) of the Superior Court Rules of Civil Procedure for lack of prosecution. The Superior Court entered judgment on Au-

gust 25, 2004, in accordance with Rule 54(b) of the Superior Court Rules of Civil Procedure. The record reflects, however, that the Presiding Justice of the Superior Court (presiding justice) previously had dismissed the case on similar grounds on April 15, 2004, in accordance with G.L.1956 § 9–8–5. This case came before the Supreme Court for oral argument, pursuant to an order directing the parties to show cause why the issues raised in this appeal should not summarily be decided. After considering the written and oral submissions of the parties and examining the record below, we are of the opinion that cause has not been shown, and we proceed therefore to resolve the issues raised in this appeal without further briefing or argument. Because we conclude that the Superior Court lacked authority to dismiss the plaintiff's claim under Rule 41(b), we quash the judgment of the Superior Court entered on August 25, 2004. However, we affirm the order of April 15, 2004 dismissing the plaintiff's complaint under § 9–8–5.

An inspection of a residentially zoned lot by a town zoning official in late 1993 disclosed a number of assorted articles of commercial construction equipment in alleged violation of local zoning ordinances. Zoning official, Alfred DeCorte, notified the owner of the lot, Alfred Constantino, of the discovery in a letter dated November 8, 1993. Mr. DeCorte warned Mr. Constantino that the town would seize the equipment that violated the ordinance if it were not properly stored. Mr. Constantino promptly notified Mr. Marra, the owner of the construction equipment, complaining that plaintiff never had permission to store anything on the property and directing that he immediately remove the offending material. The plaintiff alleged that he paid rent to one Steve Zurowski to store personal property on the site under a sublease agreement, but he nonetheless agreed to remove the equipment. In a December 17, 1993 letter to plaintiff's then attorney, Mr. DeCorte allowed plaintiff a period of forty-five days in which to remove the "violations." The period began on December 18, 1993, and expired on January 31, 1994. By April 4, 1994, more than two months after the removal period expired, plaintiff had failed to comply. Consequently, the town seized and removed the *impedimenta* on April 11, 1994.

The plaintiff filed a complaint in Superior Court on December 13, 1996, alleging that the town had confiscated his equipment illegally and requesting monetary damages for the value of the equipment, losses incurred from plaintiff's inability to operate his construction business, compensation for excessive taxation, and punitive damages.[1] After the town answered on January 2, 1997, the parties engaged in discovery for several months. The record reveals, however, that plaintiff took no action in the case from July 10, 1997 to 2004.[2] A Superior Court docket entry dated April 15, 2004, denotes that, on that date, the presiding justice dismissed the case pursuant to § 9–8–5.

Apparently unaware of the § 9–8–5 dismissal, the town moved for dismissal for lack of prosecution on July 28, 2004, under Rule 41(b). A second justice scheduled a

---

1. The complaint also named as defendants DeCorte, Constantino, Zurowski, the town police department and two auto salvage companies. The plaintiff alleged that these defendants conspired with the town to deprive him of his personal property in violation of various federal and state constitutional provisions. Although it appears from the record that all defendants were served with process, not all filed answers. The plaintiff, however, never moved to enter a default against any party.

2. The plaintiff claims, however, that he wrote a letter to defendant's counsel in 2003.

hearing on the matter for August 11, 2004. The day before the scheduled hearing, plaintiff responded by filing what substantively can be described as the following: (1) a memorandum in opposition to the Rule 41(b) motion; (2) a motion for summary judgment under Rule 56(c) of the Superior Court Rules of Civil Procedure; (3) an assertion of affirmative defenses; and (4) an application to appear *pro se* because of the death of his attorney of record. After a brief hearing, the second justice granted the town's Rule 41(b) motion, stating, "[t]here is a so-called five year rule here. This matter has been dormant for way too long." On August 12, 2004, the court entered an order dismissing the case pursuant to Rule 41(b). The same justice also scheduled a hearing for August 25, 2004, to address the town's Rule 54(b) motion. The day before the Rule 54(b) hearing, plaintiff filed a fifth document in which he made a number of substantive arguments opposing the town's motion. After another brief hearing, the second justice granted the town's Rule 54(b) motion, declaring that "[t]he matter was resolved the last time you were here." The court entered judgment that same day, from which plaintiff thereafter timely appealed. The plaintiff filed his sixth and final memorandum in the Superior Court on September 21, 2004, stating that Rule 8(d) of the Superior Court Rules of Civil Procedure prohibited the court's dismissal.

The threshold issue before this Court is whether the Superior Court had authority to hear and rule upon a motion for Rule 41(b) dismissal when another justice already had dismissed the case pursuant to § 9–8–5. Section 9–8–5(a), in pertinent part, provides:

"Thereafter during the first week in February in each year, or as soon as thereafter is practicable, all actions at law, and other proceedings designated by the respective courts, deemed by the court to be inactive and then pending in the supreme court, the superior court, the family court, or the district court for five (5) years or more, may be dismissed for lack of prosecution * * *."

The language of § 9–8–5 provides the procedural path leading up to an entry of dismissal. In the Superior Court, the clerk enters dismissal as a matter of course, upon order of the presiding justice. Notice must first be given by publication setting the date upon which the case will stand dismissed. *Id.* On that predetermined date, any party opposing the dismissal may appear before the presiding justice. *Id.* The court may then, in its discretion, dismiss the case or stay dismissal for such period as it may fix. *Id.* Any case so dismissed may be reinstated, however, "upon motion within one year from dismissal, if the court deems it proper to prevent injustice." Section 9–8–6.

In the present case, the presiding justice's § 9–8–5 dismissal had the effect of ending the existence of the action, subject to reinstatement under § 9–8–6, and thus precluded review by the second justice. *See School Committee of North Providence v. North Providence Federation of Teachers, Local No. 920 (AFL–CIO),* 476 A.2d 1037, 1038–39 (R.I.1984) (holding that a trial justice had no authority to revive and pass upon a civil action that had previously been dismissed). The second justice therefore was powerless to hear defendants' Rule 41(b) motion because no case existed that such a motion could affect. Accordingly, we hold that the Superior Court was without authority to enter judgment under Rule 54(b) or the Rule 41(b) dismissal upon which judgment rested. *See School Committee of North Providence,* 476 A.2d at 1039. Both rulings therefore are void.

Our conclusion renders the procedure plaintiff followed in this appeal insufficient to address the dismissal that the Superior Court entered on April 15, 2004. He has neither questioned the presiding justice's statutory authority to dismiss the action because of his failure to prosecute, nor has he raised any challenge concerning notice. Moreover, plaintiff did not file a motion seeking reinstatement under § 9–8–6, which allows any case dismissed under § 9–8–5 to be reinstated upon motion within one year if proper to prevent injustice. We have examined the six documents filed by plaintiff between the entry of dismissal on April 15, 2004 and the close of the statutorily permitted period on April 14, 2005, and can construe none of these filings, in either form or substance, as an attempt to address the § 9–8–5 dismissal. The dismissal entered on April 15, 2004, therefore, remains as a valid order of the court.

We further note that the reason for dismissal under Rule 41(b) as articulated by the second justice was the same as the statutory grounds underlying the dismissal order of the presiding justice, *viz.*, inactivi-ty for a period of five years or more. Such a failure to prosecute is clearly supported by the record. Lacking the authority that only reinstatement under § 9–8–6 could provide, however, the second justice was powerless to address both the defendant's motion to dismiss under Rule 41(b) and the arguments raised in the plaintiff's filings.

For the reasons stated herein, we quash the judgment of the Superior Court entered on August 25, 2004, affirm the Superior Court's entry of dismissal on April 15, 2004, and remand the record in this case to the Superior Court with our decision endorsed thereon. This Amended Order supersedes the Order entered in this case on December 15, 2005.

Chief Justice WILLIAMS did not participate.