STATE

v.

**Robert I. PERRY.**

No. 2002–70–C.A.

Supreme Court of Rhode Island.

Feb. 20, 2008.

Aaron L. Weisman, Esq., Providence.

Stephen T. Morrissey, Esq.

## ORDER

The defendant, Robert I. Perry (defendant or Perry), appeals from a Superior Court judgment entered by the trial justice that granted his motion to correct sentence and vacated the sentence that previously was imposed, but reimposed the same sentence, based on a 1996 plea agreement. This case came before the Supreme Court for oral argument on February 6, 2008, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments and examining the memoranda submitted by the parties, we conclude that cause has not been shown. Accordingly, we shall decide the appeal without further briefing or argument. For the reasons set forth below, we deny the appeal as moot.

In 1995, defendant was charged by criminal information with one count of breaking and entering a dwelling house without consent of the owner, in violation of G.L. 1956 § 11–8–2, and one count of larceny of over $500, in violation of G.L. 1956 §§ 11–41–1 and 11–41–5. On November 21, 1995, the state filed a notice, in accordance with G.L. 1956 § 12–19–21, the habitual offender statute, advising defendant that upon conviction in this case, defendant would be subject to imposition of an enhanced sentence under the statute. Then, on November 25, 1996, Perry entered a plea of *nolo contendere* and was sentenced to fifteen years at the Adult Correctional Institutions (ACI), five years to serve, the balance suspended, with probation.[1] This sentence was consecutive to a sentence defendant then was serving. It is undisputed that the judgment of conviction did not delineate which portion of the sentence, if any, was imposed in accordance with § 12–19–21. However, it is equally undisputed that Perry was a habitual offender with a long criminal record.

Although defendant filed an application for postconviction relief (PM 99–2542), that application was not adjudicated. The defendant also filed a motion to correct an illegal sentence; after a hearing, the trial justice determined that the state had complied with the notice requirement under § 12–19–21, but he vacated the sentence nonetheless because he was not satisfied that the state had proven that defendant previously had been imprisoned for two separate felonies. The trial justice continued the case for a new sentencing hearing.[2]

Subsequently, on December 6, 2001, the state proved and the trial justice found by a preponderance of the evidence that Perry twice had been sentenced to terms at the ACI and qualified for sentencing as a habitual offender. The trial justice then sentenced Perry to ten years at the ACI, suspended, with ten years probation, on

---

1. The defendant also was ordered to have no contact with the victim and to pay an amount to the indemnity fund and the probation fund.

2. We are perplexed by this latter finding in light of defendant's plea of *nolo contendere* — a plea by which a defendant waives all factual issues in connection with the proceeding.

each count, and five years to serve as a habitual offender — this sentence was made consecutive to the sentence he was serving and retroactive to the date that sentence expired.

The defendant appealed and challenges the manner in which the sentence was imposed. Although we are hard-pressed to discern the nature of defendant's contentions, we deny the appeal because we deem this case moot. We decline defendant's invitation to address the issues notwithstanding. With respect to the instant sentence, defendant has been released from the custody of the director of the Department of Corrections.

We have determined that "[a] case is considered moot if there was a justiciable controversy present when it began, but a change in circumstances leaves the litigant without a stake in the outcome." *Pelland v. State*, 919 A.2d 373, 378 (R.I.2007). This Court will review moot cases when the subject matter is of "extreme public importance" and the issues are capable of repetition but evade review. *Id.* Neither circumstance is present here.

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court, to which we return the papers in this case.