DECISION
Before the Court is a Motion to Dismiss without prejudice filed pursuant to Super. Ct. R. Civ. P. 41(a) by Plaintiffs KRA (Driveshaft) Acquisition, LLC (KRA) and Dan's Management Company, LLC (collectively, Plaintiffs).[1] The Defendants, Arthur G. Capaldi and Patricia A. Capaldi (the Capaldis) and the Rhode Island Department of Transportation (DOT) (collectively, Defendants), argue that the Court dismiss the action with prejudice. In addition, the Capaldis have filed a Motion for Payment of Fees and Costs. The Plaintiffs object to the latter motion. Jurisdiction is pursuant to G.L. 1956 § 8-2-13 and G.L. 1956 § 9-30-1,et seq.
Plaintiff KRA and the Capaldis own adjoining property on Route 117 in Coventry, Rhode Island. The properties are subject to, and burdened with, a six-foot wide passageway, three feet *Page 2 
of which is located on the KRA property and three feet on the Capaldi property. A curb cut and traffic signal exist where the passageway joins with Route 117.
On January 11, 2006, the Plaintiffs appeared before the Coventry Planning Board (the Board) seeking permission to construct a Dunkin Donuts facility on the KRA property. The Board recommended that Plaintiffs first obtain DOT approval for a Physical Alteration Permit (PAP). After Plaintiffs applied for the PAP, the Capaldis were requested to sign a "mutual access agreement." They refused. Thereafter, DOT denied the PAP application. The Plaintiffs appealed the denial and, while awaiting a decision on the appeal, submitted a revised PAP application and filed the instant Complaint.
In their Complaint, Plaintiffs sought a Court declaration that KRA and the Capaldis have shared access to Route 117 and to order DOT to issue the PAP. They additionally sought a Court declaration that KRA has an easement by necessity and an easement by implication. The Plaintiffs further sought a writ of mandamus, and also alleged inverse condemnation and intentional interference with their property rights. Meanwhile, in October 2007, DOT denied Plaintiffs' appeal from its denial of the PAP application.
On June 11, 2007, Plaintiffs filed the instant Motion to Dismiss. They assert that "subsequent to the filing of this action, events occurred which caused the claims raised in the Complaint to be moot."
Rule 41(a) governs "[t]he preclusive effect of voluntary dismissals in Rhode Island. . . ." Lennon v. Dacomed Corp., 901 A.2d 582, 591 (R.I. 2006). It provides that unless otherwise specified, voluntary dismissals are without prejudice. Super. Ct. R. Civ. P. 41(a). If, however,
 "a dismissal is designated `with prejudice' it will be accorded preclusive effect in a subsequent proceeding if the following three requirements are fulfilled: (1) the parties are the same or in privity with the parties of the previous proceeding; (2) an identity of *Page 3 
issues in both proceedings; and (3) a valid final judgment on the merits has been entered in the previous proceeding." Lennon, 901 A.2d at 591.
Accordingly, a "`[d]ismissal with prejudice . . . constitutes a full adjudication of the merits as if the order had been entered subsequent to trial.'" Id. at 592 (quoting Sch. Comm. of North Providence v. NorthProvidence Fed'n of Teachers, Local 920, Am. Fed'n of Teachers(AFL-CIO), 122 R.I. 105, 109, 404 A.2d 493, 495 (1979)). It follows that under Rhode Island law, "[a] dismissal, with prejudice, constitutes a final judgment on the merits." Lennon, 901 A.2d at 592 (quotingDiPinto v. Sperling, 9 F.3d 2, 4 (1st Cir. 1993)).
In the instant matter, Plaintiffs' Complaint essentially sought that the Court discern the respective property rights of the parties. A dismissal with prejudice would forever preclude Plaintiffs from challenging their alleged rights in the future, and should DOT condition approval of the revised PAP application upon a signed mutual assent agreement from the Capaldis, Plaintiffs would have no recourse in the court system to settle their dispute.
Consequently, the Court grants Plaintiffs' Motion to Dismiss without prejudice. In light of the fact that the dismissal is without prejudice, and that the current action is moot, but capable of repetition, the Court denies the Motion for Fees and Costs filed by the Capaldis.See State v. Perry, 944 A.2d 177, 178 (R.I. 2008)("A case is considered moot if there was a justiciable controversy present when it began, but a change in circumstances leaves the litigant without a stake in the outcome.")
Counsel shall submit an appropriate judgment consistent with this decision.
[1] Rule 41(a)(2) of the Superior Court Rules of Civil Procedure provides in pertinent part:
 "Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper . . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." *Page 1