**Supreme Court**

No. 2015-53-Appeal.

(PB10-7589)

Richard Audette             :

v.                    :

Donald Poulin et al.        :

NOTICE:    This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Richard Audette          :

v.          :

Donald Poulin et al.          :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Indeglia, for the Court.**  The plaintiff, Richard Audette (plaintiff or Audette),

appeals from the dismissal of his claims for negligence and breach of fiduciary duty against the

defendant, David J. Correira, an attorney (defendant or Correira).  This matter came before the

Supreme Court on November 4, 2015, pursuant to an order directing the parties to appear and

show cause why the issues raised should not be summarily decided.  After hearing the arguments

of counsel and reviewing the memoranda submitted on behalf of the parties, we are satisfied that

cause has not been shown.  Accordingly, we shall decide the matters at this time without further

briefing or argument.  For the reasons set forth herein, we affirm the judgment of the Superior

Court.

**I**

**Facts and Travel**

Audette is a beneficiary of the Claire B. Martel Trust (the trust), a charitable trust that

was established in 1993.  Included within the trust was a provision allowing Audette to live rent-

free in a property located at 30 Anthony Way in Tiverton, Rhode Island (the property), though

Audette was required to pay for utilities while he lived there. The trust further provided for Audette's well-being through the use of trust income in the discretion of the trustee.

From 1999 through 2005, Donald Poulin (Poulin) served as trustee of the trust. Sometime in 2000, Audette exercised his right to occupy the property, even though Poulin allegedly objected to him doing so. Audette also wanted his elderly parents to live with him, but Poulin apparently objected to this as well. Poulin sought Correira's advice on the issue; and, according to Audette, Correira advised Poulin that the terms of the trust did not permit Audette's parents to live at the property with him, although it appears they moved in anyway.

Sometime thereafter, Poulin instituted legal action to evict Audette and his parents. In his complaint in the present case, Audette claimed that the eviction was motivated by "personal animus" and "not in furtherance of the overall intention of the [trust]." Correira represented Poulin in that matter until it was dismissed in 2005 by agreement between the parties. In 2006, Jerry Ims (Ims) took over as successor trustee of the trust.

On December 31, 2010, Audette filed a six-count complaint against Poulin, Ims, and the trust, which he was granted leave to amend on December 1, 2011 to add Correira as a defendant.[1] The claims against Correira, which are the only ones relevant to this appeal, sounded in negligence and breach of fiduciary duty.[2] The complaint first alleged that Correira's advice to Poulin concerning Audette's right to allow his elderly parents to live with him at the property was not in furtherance of the trust and was not undertaken with due care, diligence, or

---

[1] The Attorney General was also named as an interested party pursuant to G.L. 1956 § 18-9-5, which requires notice to that office of all judicial proceedings affecting charitable trusts. It should be noted that, while the complaint was originally filed in Providence County Superior Court, the matter was eventually transferred to Newport County Superior Court.

[2] The claims against Poulin, Ims, and the trust were settled by a consent judgment entered on March 6, 2014, in which Audette released them from all claims. In the consent judgment, Audette reserved the right to take the present appeal from the dismissal of his claims against Correira.

prudence. Second, Audette alleged that Correira's legal advice to Poulin with respect to administration of the trust as a charitable remainder trust, tax advice for the trust, and tax filings for the trust led to Poulin's failure to properly administer the trust and maintain its tax status as a charitable remainder trust. Third, the complaint alleged that Correira negligently prepared at least one tax return for the trust by failing to file, prepare, and/or distribute the return and various other required documents to the IRS and the beneficiaries. Fourth, the complaint asserted that Correira failed to seek reformation of the trust, distribute proper tax and accounting information to the beneficiaries, make proper monetary disbursements to the beneficiaries, and rely on a spendthrift clause to pay utilities at the property. Last, the complaint alleged that Correira, as well as the trustees, wasted the trust income and assets in "effectuating a crusade based upon personal animus towards [Audette]."

On December 30, 2011, Correira filed a motion to dismiss pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure, in which he argued that he did not owe Audette a duty of care while he represented Poulin as trustee. Correira also argued that Audette's claims were barred by the statute of limitations.

The hearing justice ruled on Correira's motion to dismiss on March 5, 2012. He noted that this Court has not addressed the issue of whether an attorney representing a trustee owes a duty of care to the beneficiaries of the trust, but he sought guidance from other jurisdictions that have ruled on the issue as well as from our Supreme Court Rules of Professional Conduct. The hearing justice concluded that it "seem[ed] clear that there is a potential for conflicts between a trustee and the * * * beneficiaries and between the beneficiaries themselves that can negatively [affect] an attorney's ability to zealously represent his client." He further noted that this conflict was especially apparent in the present case given that Poulin hired Correira to advise and

-3-

represent him with regard to matters that were directly adverse to Audette. Accordingly, the hearing justice found that Correira did not owe a duty to Audette while he represented Poulin as trustee and granted the motion to dismiss Audette's claims.[3] Audette filed a timely appeal.

## II

### Standard of Review

"In reviewing the grant of a motion to dismiss pursuant to Rule 12(b)(6), this Court applies the same standard as the hearing justice." Ho-Rath v. Rhode Island Hospital, 115 A.3d 938, 942 (R.I. 2015) (quoting Woonsocket School Committee v. Chafee, 89 A.3d 778, 787 (R.I. 2014)). "Because the sole function of a motion to dismiss is to test the sufficiency of the complaint, our review is confined to the four corners of that pleading." Id. (quoting Woonsocket School Committee, 89 A.3d at 787). "We will 'assume[] the allegations contained in the complaint to be true and view[] the facts in the light most favorable to the plaintiffs.'" Id. (quoting Woonsocket School Committee, 89 A.3d at 787). "A motion to dismiss is properly granted when it is clear beyond a reasonable doubt that the plaintiff would not be entitled to relief from the defendant under any set of facts that could be proven in support of the plaintiff's claim." Id. (quoting Woonsocket School Committee, 89 A.3d at 787).

## III

### Discussion

Audette's claims, although labeled as negligence and breach of fiduciary duty, are essentially claims for legal malpractice. See Richmond Square Capital Corp. v. Mittleman, 773 A.2d 882, 886 (R.I. 2001) ("A civil malpractice claim is, in essence, a negligence claim.") (quoting Macera Brothers of Cranston, Inc. v. Gelfuso & Lachut, Inc., 740 A.2d 1262, 1264 (R.I.

---

[3] Given his conclusion that Correira did not owe a duty to Audette, the hearing justice did not make any factual findings or rulings as to whether the statute of limitations had run on the claims.

-4-

1999)); Cronan v. Iwon, 972 A.2d 172, 175 (R.I. 2009) (mem.) ("A claim by a client against an attorney for breach of fiduciary duties is a claim for legal malpractice."). "This Court has stated that to prevail on a legal malpractice claim, 'a plaintiff must prove by a fair preponderance of the evidence not only a defendant's duty of care, but also a breach thereof and the damages actually or proximately resulting therefrom to the plaintiff.'" Ahmed v. Pannone, 779 A.2d 630, 632-33 (R.I. 2001) (quoting Macera Brothers of Cranston, Inc., 740 A.2d at 1264). "Failure to prove all three of those required elements, acts as a matter of law, to bar relief or recovery." Id. at 633 (quoting Macera Brothers of Cranston, Inc., 740 A.2d at 1264).

"This Court has held that the essence 'of an action for attorney malpractice is the negligent breach of [a] contractual duty and that in order to maintain such an action, whether brought in tort or in contract, the plaintiff must establish an employment relationship between him/or herself and the attorney.'" Credit Union Central Falls v. Groff, 966 A.2d 1262, 1272 (R.I. 2009) (quoting Church v. McBurney, 513 A.2d 22, 24 (R.I. 1986)). Absent fraudulent conduct, third parties generally cannot recover for attorney malpractice. See id. at 1271 (citing Nisenzon v. Sadowski, 689 A.2d 1037, 1046 n.12 (R.I. 1997)). Furthermore, we have said that "[g]enerally, an attorney owes no duty to an adverse party." Id. at 1270.

Audette does not argue that he had a direct attorney-client relationship with Correira, nor does he allege that Correira engaged in any fraudulent conduct during his advisement and representation of Poulin. Thus, under our general rule, Audette would be barred from recovering on a legal malpractice claim against Correira. Nonetheless, Audette argues that Correira owed him a duty of care as a beneficiary of the Martel trust while he advised and represented Poulin as the trustee, as well as with respect to carrying out the direct responsibilities relating to administering the trust.

-5-

This Court has never squarely addressed the issue of whether an attorney of a trustee owes a duty of care to the beneficiaries of a trust. The closest we have come was in Groff, 996 A.2d at 1272, where we "recognize[d] that the liability of an attorney may extend to third-party beneficiaries of the attorney-client relationship if it is clear that the contracting parties intended to benefit the third party." That case involved a transaction where the lawyer was retained by the borrower to conduct a real estate closing. Id. at 1273. We said that the legal services rendered by the attorney on behalf of the borrowers "were done for the direct purpose of providing [the lender] with a first secured mortgage," thereby imposing a duty on the lawyer to diligently pay off any existing loans from the refinancing proceeds to ensure that the lender would be placed in first secured position. Id. at 1274. Although the attorney was retained by the borrower, and not the lender, we held that the lender "was at the very least an intended beneficiary of the contractual obligations between [the attorney] and his borrowers, and as such, the attorney owed [the lender] a duty of care." Id. We did caution, however, that the third-party beneficiary exception had a "'narrow scope.'" Id. at 1271.

Audette urges us to effectively extend the third-party beneficiary exception from Groff and "allow a cause of action to proceed against an attorney of a fiduciary at least in the limited circumstances where there exists an 'identity of interest' between [t]rustee and [b]eneficiary." Even if we were to entertain Audette's suggestion, his argument still has one fatal flaw: there was no "identity of interest" between Audette and Poulin in this setting. Rather, their interests were clearly adverse from the outset; and, because of the antagonistic nature of their relationship, it would have been difficult for Correira to adequately represent the interests of both Audette and

Poulin.[4]   At oral argument, Audette's counsel suggested that, while Audette and Poulin may have been adversaries with regard to some matters, their interests were identical as to others, such as with regard to tax matters relating to the trust.  While perhaps true, we cannot help but note that the bitterness between the parties – present from the beginning – so tainted their relationship that it would supplant any identity of interest the two may have had.  Accordingly, even under the "identity of interest" theory Audette puts forth, we cannot conclude that Correira owed a duty to Audette on this set of facts.

Given our conclusion that Correira did not owe Audette a duty of care with regard to his representation of Poulin as trustee, Audette's claims for malpractice must fail.  See Ahmed, 779 A.2d at 633.  As such, Correira's motion to dismiss pursuant to Rule 12(b)(6) was properly granted.  In light of this conclusion, we need not address whether Audette's claims are barred by the statute of limitations.

**IV**

**Conclusion**

For the reasons set forth above, we affirm the judgment of the Superior Court.  The papers in this case shall be returned to that court.

---

[4] Indeed, had Correira represented both Poulin and Audette, he arguably would be in violation of Article V, Rule 1.7(b) of the Supreme Court Rules of Professional Conduct, which provides in pertinent part that "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest.  A concurrent conflict of interest exists if:  (1) the representation of one client will be directly adverse to another client[.]"


**TITLE OF CASE:**    Richard Audette v. Donald Poulin et al.

**CASE NO:**    No. 2015-53-Appeal.
(PB10-7589)

**COURT:**    Supreme Court

**DATE OPINION FILED:**    December 9, 2015

**JUSTICES:**    Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**    Associate Justice Gilbert V. Indeglia

**SOURCE OF APPEAL:**    Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Stephen P. Nugent

**ATTORNEYS ON APPEAL:**

For Plaintiff:   Andrew J. Tine, Esq.

For Defendant:  David A. Grossbaum, Esq.