June 8, 2018

**Supreme Court**

No. 2017-31-Appeal.
(NC 16-2)

Richard Goodrow          :

v.          :

Bank of America, N.A., Successor by          :
Merger to BAC Home Loans Servicing,
LP, f/k/a Countrywide Home Loans
Servicing, LP, et al.

NOTICE:  This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Richard Goodrow       :       Concurrence begins on Page 11

v.       :

Bank of America, N.A., Successor by       :
Merger to BAC Home Loans Servicing,
LP, f/k/a Countrywide Home Loans
Servicing, LP, et al.

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Indeglia, for the Court**. The plaintiff, Richard Goodrow (Goodrow), appeals

from a Newport County Superior Court order granting the motions to dismiss of the defendants,

Bank of America, N.A. (BOA), and EverBank Mortgage[1] (EverBank) (collectively defendants).

This matter came before the Supreme Court on April 5, 2018, pursuant to an order directing the

parties to appear and show cause why the issues raised in this appeal should not be summarily

decided.   After considering the arguments set forth in the parties' memoranda and at oral

argument, we are convinced that cause has not been shown.  For the reasons outlined below, the

order of the Superior Court is affirmed.

### I

### Facts and Travel

This appeal centers on a purported procedural flaw, and our rendition of the facts focuses

accordingly.  On March 5, 2003, Goodrow executed a mortgage on his Newport property in

---

[1] The order dismissing plaintiff's action recognizes that EverBank is incorrectly identified as EverHome Mortgage in the complaint.  Accordingly, we will refer to this defendant by its proper name, EverBank.

favor of Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for the lender, E*Trade Mortgage Corporation (E*Trade), and the lender's successors and assigns; the mortgage was later assigned to BOA. Goodrow averred that, from 2003 until 2011, he "made monthly payments faithfully via automatic bank payments" in the amount of $1,890.47.

However, in November 2010, BOA "adjusted [his] monthly mortgage payment from $1,890.47 to $1,970.49" without notifying him. Goodrow explained that BOA "wrongfully sent a notice of default and intent to accelerate" to him in January 2011. Goodrow responded by sending, by certified mail, correspondence disputing that his account was in arrears and "requesting reconciliation with [BOA's] accounting." Goodrow stated that BOA never responded to his request for account information. According to Goodrow, since January 2011, he had made numerous attempts to contact BOA to "rectify the discrepancy" between his records and BOA's records, all to no avail.

Goodrow further alleged that he continued to make timely mortgage payments, until June 2011, at which time "[BOA] refused to accept" Goodrow's payment and informed him that his mortgage was in foreclosure. Further, Goodrow claimed that in May 2011, BOA "began publishing false negative credit information" about him and that BOA "continues to publish false negative information to Goodrow's detriment."

In August 2013, Goodrow filed a complaint in the United States District Court for the District of Rhode Island, naming as defendants EverBank, MERS, E*Trade, and BOA. The complaint alleged, *inter alia*, that (1) the assignment of the mortgage from MERS to BOA was void; (2) BOA, MERS, and EverBank "had no standing to foreclose" on his property; (3) "[t]he mortgage is void due to fraud"; (4) BOA never notified him that his monthly payment amount had increased; (5) BOA "maliciously reported negative credit reports" about him; and (6) the

failure to hold both the promissory note and the mortgage prohibited MERS from exercising the statutory power of sale. In three separate counts, Goodrow requested the following relief: (1) that the court issue a declaratory judgment stating that he owns the property outright; (2) that the court enter an order quieting title to the property and specifying that he owns a fee simple interest in it; and (3) that the court award him $10 million in punitive damages because of defendants' "criminal" actions.

The defendants filed a motion to dismiss the complaint. On April 23, 2015, the federal court granted defendants' motion to dismiss based on the following determinations: (1) Goodrow lacked standing to challenge the assignment of the mortgage; (2) MERS had the power to foreclose as mortgagee; and (3) BOA, as the assignee of the mortgage, also had the power to foreclose as mortgagee. With respect to Goodrow's claims about BOA's alleged breach of its contractual duties of good faith and fair dealing, the federal court held that Goodrow "did not make any of these legal claims in his [c]omplaint" and, as such, found that Goodrow was barred from "assert[ing] them in the face of [d]efendants' motions [to dismiss]."

In January 2016, Goodrow filed a three-count complaint in Newport County Superior Court. That complaint sought monetary damages for breach of contract and breach of the implied covenant of good faith and fair dealing, as well as a preliminary injunction to stop a foreclosure. Thereafter, EverBank removed the case to the United States District Court for the District of Rhode Island, but the case was ultimately remanded to Newport County Superior Court due to a lack of subject-matter jurisdiction in the federal district court.

In May 2016, EverBank and BOA each filed motions to dismiss Goodrow's complaint on *res judicata* grounds. At an October 5, 2016 hearing on those motions, defendants first argued that the breach-of-contract claim "was dealt with or should have been dealt with in a federal

court action which was dismissed * * * in April 2015." The defendants asserted that, in his decision, the federal district court judge did not exclude the breach-of-contract issues, but rather explained that he was "not going to address those issues that are being brought for the first time by the plaintiff in response to our motion to dismiss." Second, defendants contended that, "in the four corners of the complaint [Goodrow] has failed to demonstrate that EverBank breached the terms of the mortgage agreement, and as a consequence the complaint should be dismissed."

The Superior Court hearing justice rendered a bench decision wherein he found that *res judicata* warranted the granting of defendants' motions to dismiss. That decision was memorialized in an October 24, 2016 order granting the motions and dismissing Goodrow's complaint, with prejudice. On November 4, 2016, Goodrow timely appealed that order to this Court.

## II

### Standard of Review

"In reviewing the grant of a motion to dismiss[,] * * * this Court applies the same standard as the hearing justice." *Warfel v. Town of New Shoreham*, 178 A.3d 988, 991 (R.I. 2018) (quoting *Audette v. Poulin*, 127 A.3d 908, 911 (R.I. 2015)). "Such a motion 'is properly granted when it is clear beyond a reasonable doubt that the plaintiff would not be entitled to relief from the defendant under any set of facts that could be proven in support of the plaintiff's claim.'" *Id.* (quoting *Audette*, 127 A.3d at 911). "In our review, '[w]e will assume[ ] the allegations contained in the complaint to be true and view [ ] the facts in the light most favorable to the plaintiffs.'" *Id.* (quoting *Audette*, 127 A.3d at 911).

- 4 -

## III

## Analysis

Goodrow raises three arguments on appeal. First, he contends that *res judicata* is not applicable because the federal court action and the instant action "did not stem from the same transaction or series of transactions." Goodrow argues that the federal court dismissal was not a final judgment for *res judicata* purposes. Moreover, he submits that the federal court lacked subject-matter jurisdiction to adjudicate his claims once it determined that he did not have standing.

Second, Goodrow argues that his breach-of-contract claims were not appropriate for dismissal pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure because he "allege[d] numerous instances of [d]efendants' failure to perform the obligations of servicing his mortgage."

Finally, Goodrow asserts that the hearing justice erred by effectively converting defendants' motions to dismiss into motions for summary judgment by relying on documents outside of the complaint.

## A

## Conversion to a Motion for Summary Judgment

Because it is determinative of the standard of review that applies in this case, we first address Goodrow's argument that the hearing justice erred by converting the motions to dismiss into motions for summary judgment by relying on the federal court's dismissal order.

"Ordinarily, when ruling on a motion to dismiss brought under Rule 12(b)(6) or Rule 12(c), 'a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment.'"

*Chase v. Nationwide Mutual Fire Insurance Co.*, 160 A.3d 970, 973 (R.I. 2017) (quoting *Alternative Energy, Inc. v. St. Paul Fire & Marine Insurance Co.*, 267 F.3d 30, 33 (1st Cir. 2001)). "There is, however, a narrow exception for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." *Id.* (quoting *Alternative Energy, Inc.*, 267 F.3d at 33).

While we have never defined "official public record" for purposes of this exception, the United States Court of Appeals for the First Circuit, recognizing that the term "public records" is overly broad, has equated that term with documents susceptible to judicial notice. *Freeman v. Town of Hudson*, 714 F.3d 29, 36-37 (1st Cir. 2013). In Rhode Island, "a court may take judicial notice of court records" and, while "[n]ot every document that may have been placed in a court file * * * may properly be regarded as part of the record[,]" we have demarcated examples of those that would be considered as such. *Curreri v. Saint*, 126 A.3d 482, 485-86 (R.I. 2015). "These would include *judgments previously entered by the court that have the effect of res []judicata * * * pleadings* or answers to interrogatories by a party, which pleading or answer might constitute an admission * * *." *Id.* at 486 (emphasis added) (quoting *In re Michael A.*, 552 A.2d 368, 370 (R.I. 1989)). Goodrow's argument that the hearing justice improperly considered his 2013 federal district court complaint and the order dismissing it is snuffed out by the aforementioned exception. *See Chase*, 160 A.3d at 973. Accordingly, we proceed to his remaining arguments within the confines of the standard of review applied to motions to dismiss.

**B**

***Res Judicata***

*Res judicata* "serves as a bar to a second cause of action where there exists: (1) 'identity of parties'; (2) 'identity of issues'; and (3) 'finality of judgment in an earlier action.'" *Torrado Architects v. Rhode Island Department of Human Services*, 102 A.3d 655, 658 (R.I. 2014) (quoting *Huntley v. State*, 63 A.3d 526, 531 (R.I. 2013)). "The policy underlying res judicata is to economize the court system's time and lessen its financial burden. 'This doctrine ensures that judicial resources are not wasted on multiple and possibly inconsistent resolutions of the same lawsuit.'" *ElGabri v. Lekas*, 681 A.2d 271, 275 (R.I. 1996) (quoting *Gaudreau v. Blasbalg*, 618 A.2d 1272, 1275 (R.I. 1993)).

In this case, there is no claim that *res judicata* fails for want of identity of parties; therefore, we need not address that factor here and instead focus only on whether an identity of the issues and a final judgment on the merits exist.

**1**

**Identity of Issues**

"An identity of issues requires 'first, [that] the issue sought to be precluded must be identical to the issue decided in the prior proceeding; second, the issue must actually [have been] litigated; and third, the issue must necessarily have been decided.'" *State v. Pacheco*, 161 A.3d 1166, 1173 (R.I. 2017) (quoting *State v. Godette*, 751 A.2d 742, 746 (R.I. 2000)).

"[T]his Court has adopted the transactional rule governing the preclusive effect of the doctrine of *res judicata* * * *." *Bossian v. Anderson*, 991 A.2d 1025, 1027 (R.I. 2010) (quoting *DiBattista v. State*, 808 A.2d 1081, 1086 (R.I. 2002)). "The transactional rule provides that 'all claims arising from the same transaction or series of transactions which could have properly been

raised in a previous litigation are barred from a later action.'" *Id.* (quoting *DiBattista*, 808 A.2d at 1086). "What constitutes a transaction or a series of connected transactions is 'to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations * * *.'" *Town of Warren v. Bristol Warren Regional School District*, 159 A.3d 1029, 1036 (R.I. 2017) (quoting *Ritter v. Mantissa Investment Corporation*, 864 A.2d 601, 605 (R.I. 2005)).

The defendants assert that Goodrow made the same allegations in the 2016 state court complaint as he did in the 2013 federal court complaint, which "pertain[] to an increase in Goodrow's monthly payment due to the addition of escrow charges[.]" We agree. "A final judgment on the merits * * * precludes the parties or their privies from relitigating issues that were or *could have been raised in that action.*" *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) (emphasis added). Goodrow's 2016 complaint references facts stemming from the same transaction as his 2013 complaint—that is, as the hearing justice aptly summarized those facts, "the execution and service of plaintiff's mortgage"—and what was not alleged in the 2013 complaint certainly could have been alleged.[2] *See Palazzo v. Alves*, 944 A.2d 144, 152 (R.I. 2008) ("[T]he doctrine of *res judicata* extinguishes a party's claims even if that party is 'prepared in a second action to present evidence or grounds or theories of the case not presented * * * in the first action, or to seek remedies or forms of relief not demanded in that action.'") (quoting *ElGabri*, 681 A.2d at 276).

---

[2] While Goodrow argues that "[t]he order granting dismissal of the 2013 [c]ase by the federal court is ambiguous regarding whether the [b]reach of [c]ontract claims could have and should have been brought in that action[,]" we disagree and discern no such ambiguity.

Goodrow also argues that he did not have the opportunity to litigate his breach-of-contract claims because the federal court "explicitly declined to consider" them. The federal district court judge determined that, as to Goodrow's claims of breach of contract and breach of the duty of good faith and fair dealing, "[b]ecause [Goodrow] did not make any of these legal claims in his [c]omplaint, * * * he cannot now assert them in the face of [d]efendants' motions." The judge further elaborated that "[t]he [c]ourt rules on the [m]otion to [d]ismiss based on the content of the [c]omplaint, not on new assertions made for the first time in response to the motion." This only reinforces our opinion that, while Goodrow did not raise these claims in the first action, he *should* have, and he should have done so in accordance with the procedural guidelines provided by the relevant rules.[3]

Therefore, we hold that the trial justice correctly determined that an identity of issues existed.[4]

**2**

**Final Judgment on the Merits**

"Finally, the application of *res judicata* requires that there be 'finality of judgment in the earlier action.'" *Reynolds v. First NLC Financial Services, LLC*, 81 A.3d 1111, 1116 (R.I. 2014) (quoting *Huntley*, 63 A.3d at 531).

---

[3] Significantly, Goodrow never sought to amend his complaint in federal court.

[4] Goodrow's argument that the federal court no longer had subject-matter jurisdiction over the state law claims once the court dismissed Goodrow's federal claims is of no consequence, because in our present review we are concerned with the content of the complaint prior to the claims being dismissed.

In addition, Goodrow argues that he "did not have the opportunity to fully litigate his claims as the [f]ederal [c]omplaint was subjected to limited procedure and in fact was stayed for most of the time it was part of the federal court docket." Our review of the relevant caselaw in this jurisdiction does not indicate that a stay of a party's case in advance of a grant of a motion to dismiss would stunt that party's ability to litigate his or her claims.

- 9 -

We lead with the principle that "[a] dismissal, with prejudice, constitutes a final judgment on the merits." *DiPinto v. Sperling*, 9 F.3d 2, 4 (1st Cir. 1993) (reviewing the Rhode Island doctrine of *res judicata*). Still, Goodrow alludes to the following notion to support his position that the federal court dismissal was not an adjudication on the merits:

> "If the first suit was dismissed for defect of pleadings, or parties, or a misconception of the form of proceeding, or the want of jurisdiction, or was disposed of on any ground which did not go to the merits of the action, the judgment rendered will prove no bar to another suit." *Costello v. United States*, 365 U.S. 265, 286 (1961) (quoting *Hughes v. United States*, 71 U.S. 232, 237 (1866)).

Goodrow's argument, however, leaves much to be desired. The lack of standing was but one of many reasons that the federal district court judge granted defendants' motions to dismiss. The judge, after determining that Goodrow lacked standing to pursue his claims, also ruled that Goodrow's allegations "fail in the face of" the relevant "exemplar cases" from that court, the First Circuit Court of Appeals, and this Court.

Goodrow is correct that he was "prohibited from undertaking the procedures usually employed in litigating a case," such as "conducting discovery, preparing pre-trial documents, participating in trial, objecting to and offering evidence and exhibits, [and] conducting examinations and cross examinations of witnesses." However, because "[d]ismissal with prejudice * * * constitutes a full adjudication of the merits as if the order had been entered subsequent to trial[,]" we hold that this element is also satisfied.[5] *School Committee of Town of*

---

[5] Goodrow also claims that "[t]he [federal] dismissal order was silent as to whether dismissal was granted with or without prejudice." However, "Rule 41(b) of the Federal Rules of Civil Procedure governs the effect of involuntary dismissals" and that rule notes that "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits." *Huntley v. State*, 63 A.3d 526, 532 (R.I. 2013) (quoting Fed. R. Civ. P. 41(b)).

*North Providence v. North Providence Federation of Teachers, Local 920, American Federation of Teachers (AFL-CIO)*, 122 R.I. 105, 108, 404 A.2d 493, 495 (1979).

## IV

## Conclusion

For the reasons stated herein, we affirm the order of the Superior Court. The record shall be returned to that tribunal.


**Justice Robinson, concurring.** I concur in the judgment of the Court and in its opinion except for its statements to the effect that there must be finality of judgment in the earlier action for the doctrine of *res judicata* to apply. As I explained at some length in my recent dissenting opinion in the case of *Nugent v. State of Rhode Island Public Defender's Office*, No. 2016-248-Appeal, 2018 WL 2708916, at *3-7 (R.I. June 6, 2018), there can be particular exceptional situations (as I believe were present in *Nugent*) where *res judicata* is applicable even absent a final judgment on the merits in the earlier action. However, the instant case does not involve such an exceptional situation; and I submit this concurrence simply for the sake of clarity and personal consistency.

---

Moreover, our holding that Goodrow's complaint was properly dismissed based on *res judicata* grounds renders it unnecessary for us to address his final argument that the hearing justice otherwise improperly dismissed it.

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Richard Goodrow v. Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP, et al. |
| **Case Number** | No. 2017-31-Appeal. (NC 16-2) |
| **Date Opinion Filed** | June 8, 2018 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Associate Justice Gilbert V. Indeglia |
| **Source of Appeal** | Newport County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Walter R. Stone |
| **Attorney(s) on Appeal** | For Plaintiff: Jeanne M. Scott, Esq. |
| | For Defendants: Connie Flores Jones, Pro Hac Vice John H. McCann, Esq. Dean J. Wagner, Esq. |