December 15, 2020

**Supreme Court**

No. 2019-115-Appeal.
(WC 18-589)

BI Boat Basin Associates, LLC     :

v.     :

Sky Blue Pink, LLC, et al.     :

# O P I N I O N

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email: opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

BI Boat Basin Associates, LLC          :

v.                                    :

Sky Blue Pink, LLC, et al.            :

Present:  Suttell, C.J., Goldberg, Flaherty, and Robinson, JJ.

## O P I N I O N

**Justice Flaherty, for the Court.**  In 2015, a partition action was commenced in Superior Court to settle an intrafamily property dispute among several descendants of Eleanor Mott, who had descended from the original settlers of New Shoreham, Rhode Island.  A special master was appointed in that partition action to manage the businesses of the various properties that were subject to partition.  One of those properties, a marina, had been leased by the special master to the plaintiff, BI Boat Basin Associates, LLC.  In October 2018 the special master, citing a termination provision in the lease, terminated the plaintiff's lease because a bona fide purchaser had agreed to purchase the various properties during the course of the partition proceeding, a proceeding in which the plaintiff had participated.  The plaintiff, who was the lessee of the marina, then initiated a separate action in the

- 1 -

Superior Court to challenge the special master's authority to terminate its lease. The hearing justice granted summary judgment in favor of the purchasers of the marina, after finding that the plaintiff's claims were barred by the doctrine of *res judicata*. The plaintiff timely appealed to this Court.

This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After considering the parties' written and oral submissions, and after reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

**I**

**Facts and Travel**

On March 13, 2015, James Mott, John Mott, and George Mott (the Motts), along with Susan Mott Pike, filed a petition to partition real estate with respect to certain parcels of land in New Shoreham, to which they held ownership interests as tenants in common with their brother, Peter Mott, who was named as the defendant in that action, No. WC-2015-0126. A special master was appointed and empowered to negotiate and enter into leases with respect to "all of the relevant businesses[.]" The special master was also authorized by the court to "execute Lease Agreements for the BI Boat Basin Associates, LLC seasonal lease[.]"

On February 3, 2018, the special master, on behalf of the Motts, Susan, and Peter (collectively "Landlord"), entered into a lease agreement with plaintiff to lease a marina for two consecutive one-year terms.[1]  Importantly, section 7 of the lease, captioned "right of termination," provided that "[t]he Landlord * * * reserves his right to terminate this Lease after one (1) year or any renewal thereof in the event that Landlord secures a bona fide purchaser of the premises or Tenant fails to make the capital improvements in year one contemplated in the within Lease Agreement[.]"

During the course of the partition proceeding, a hearing was held at which the special master, who also had been appointed as commissioner, was authorized to sell the properties in dispute.[2]  The commissioner conducted an auction for the sale of the several parcels of property, which included the marina.  The Motts, in an apparent attempt to buy out their siblings, Susan and Peter, placed a credit bid to purchase the property for $19 million.  The plaintiff also submitted a bid to purchase the property; plaintiff's bid was $19.5 million.  The Motts ultimately matched plaintiff's offer of $19.5 million.  In addition, the Motts' bid incorporated features that plaintiff was unwilling to offer, including that the closing would take place within ninety days.

---

[1] The Court will refer to Susan Mott Pike and Peter Mott by their first names to avoid confusion; no disrespect is intended.

[2] The special master was appointed as commissioner by an order of the Superior Court entered on December 29, 2017, in the partition action.

Ultimately, the Motts' bid was accepted, after the court found that the Motts' proposal was "in the best interest of all parties[.]"

In June 2018 the Motts moved the court for an extension to close on the property. As a result, plaintiff filed a petition for reconsideration of its offer to purchase the property, and counsel for plaintiff entered an appearance in the partition proceeding. A hearing on the Motts' motion for an extension was held on July 16, 2018. Although plaintiff had not formally moved to intervene in the case, the hearing justice nonetheless allowed plaintiff to be heard on its petition for reconsideration at that hearing. In doing so, the hearing justice said, "I'm not going to allow your petition, but I'm going to allow you, because I think it is the same thing, to be heard * * * I'll let you be heard on that even though you're not a party." Counsel for plaintiff also discussed his client's interest in the matter at that hearing, during the following colloquy with the hearing justice:

> "THE COURT: * * * I thought Block Island Boat Basin was the tenant?
>
> "[PLAINTIFF'S COUNSEL]: They are. They are the tenant * * * and they have a lease and it goes with the sale * * * but the lease is for two years and it is subject to the contingency.
>
> "THE COURT: It is an option to purchase—to terminate.
>
> "[PLAINTIFF'S COUNSEL]: Correct, there is an interest here, both as to leaseholder and as, well, as the bidder. * * *

"THE COURT: I'm letting you argue, now you can get to the merits."

Just prior to the conclusion of the hearing, plaintiff's counsel asked the court, "Would the [c]ourt entertain a formal motion to intervene on the part of my client?" The court responded, "File a motion and I'll hear it on August 6th." The plaintiff did not file a motion to intervene. At the conclusion of the hearing, the hearing justice denied plaintiff's petition for reconsideration and agreed to extend the closing date by thirty days for the Motts to purchase the property.

On September 7, 2018, after the special master filed a petition for instructions with the court seeking authority to sell the property, the hearing justice issued an order authorizing the special master to execute a commissioner's deed to the property to defendant Sky Blue Pink, LLC (Sky Blue), as nominee for the Motts. The order also required the Motts, Susan, and Peter to execute and deliver a quitclaim deed to Sky Blue at the closing.

The closing took place in early October 2018, and, on October 15, 2018, the special master/commissioner dispatched a lease-termination notice to plaintiff. The termination notice advised plaintiff that the special master had "secured a bona fide purchaser to purchase the Premises" and that "[p]ursuant to Section 7 of the Lease * * * the Landlord is exercising the option to Terminate the Lease[.]"[3]

---

[3] Although there has been some suggestion that plaintiff failed to demonstrate the completion of capital improvements to the marina, thereby providing an independent

The plaintiff initiated the present litigation in the Superior Court on November 13, 2018. In its amended complaint, plaintiff named as defendants the Motts, Sky Blue, and Peregrine Group, LLC, with Nekick Associates, LLC named as intervenor defendant (defendants).[4] The plaintiff's claims against defendants centered on whether Sky Blue had properly been qualified as a bona fide purchaser, which plaintiff argued was a requirement under the termination provision of the lease. The defendants filed motions to dismiss, which the hearing justice converted to motions for summary judgment. In their motions, defendants alleged, *inter alia*, that plaintiff's claims were barred by the doctrines of collateral estoppel and *res judicata*.

The hearing justice rendered a bench decision on January 4, 2019. In that decision, the hearing justice denied defendants' motions for summary judgment on collateral estoppel grounds but granted their motions based on the doctrine of *res judicata*. In doing so, the hearing justice concluded that plaintiff's claim arose from a series of transactions that originated in the partition proceeding and that plaintiff should have, but did not, raise those concerns about the lease in that proceeding after

basis for the termination of the lease, it is apparent from the record that the termination of the lease was predicated solely on the fact that a bona fide purchaser had been secured.

[4] Nekick Associates, LLC is the successor in interest to plaintiff as lessee and intervened in this action. Peregrine Group, LLC and John and/or Jane Does 1-3 were also named as defendants in plaintiff's amended complaint, although it appears from the record that these defendants have no interest in the matter and, as such, plaintiff has not pressed any argument against them.

- 6 -

the purchase and sale agreement was approved by the court and before the closing took place. The plaintiff timely appealed.

Before this Court, plaintiff argues that the hearing justice erred by granting defendants' motions for summary judgment on *res judicata* grounds. The plaintiff maintains that not all materially operative facts were in existence at the time the partition proceeding was commenced and that any challenge to the status of Sky Blue as a bona fide purchaser did not become justiciable until such time that plaintiff received the lease-termination notice with respect to the marina. In the alternative, plaintiff urges us to adopt an exception to our transactional rule, under which *res judicata* would not operate to bar claims arising from rights that were acquired during the course of a prior action but after the complaint in that action had been filed.

## II

## Standard of Review

"It is well established that this Court reviews a grant of summary judgment *de novo*." *Moore v. Rhode Island Board of Governors for Higher Education*, 18 A.3d 541, 544 (R.I. 2011). "We view the evidence in the light most favorable to the nonmoving party, and 'if we conclude that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law,' we will

affirm the judgment." *Id.* (brackets omitted) (quoting *Berman v. Sitrin*, 991 A.2d 1038, 1043 (R.I. 2010)).

### III

### Analysis

The plaintiff contends that the hearing justice should not have dismissed its claims against defendants based on the doctrine of *res judicata*. "*Res judicata*, or claim preclusion, bars the relitigation of all issues that were tried or might have been tried in an earlier action." *JHRW, LLC v. Seaport Studios, Inc.*, 212 A.3d 168, 177 (R.I. 2019) (quoting *Reynolds v. First NLC Financial Services, LLC*, 81 A.3d 1111, 1115 (R.I. 2014)). "It is our well-settled principle that '*res judicata* serves as a bar to a second cause of action where there exists: (1) identity of parties; (2) identity of issues; and (3) finality of judgment in an earlier action.'" *Id.* (brackets omitted) (quoting *Goodrow v. Bank of America, N.A.*, 184 A.3d 1121, 1126 (R.I. 2018)). The plaintiff does not challenge the hearing justice's conclusions with respect to the identity of parties or finality of judgment. Consequently, we focus our analysis solely on whether there exists identity of issues that were raised in the partition proceeding and in this action.[5]

---

[5] The partition proceeding remains pending before the Superior Court, as it was when plaintiff initiated the present litigation. *James W. Mott, et al. v. Peter J. Mott*, C.A. No. WC-2015-0126. Although no final judgment has entered in that case, the sale of the marina in that proceeding was an interlocutory order concerning the sale of

"[T]his Court has adopted the transactional rule governing the preclusive effect of the doctrine of *res judicata*." *Seaport Studios, Inc.*, 212 A.3d at 178 (quoting *Goodrow*, 184 A.3d at 1127). "The transactional rule provides that all claims arising from the same transaction or series of transactions which could have properly been raised in a previous litigation are barred from a later action." *Id.* (quoting *Goodrow*, 184 A.3d at 1127). "What constitutes a transaction or a series of connected transactions is to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations." *Id.* (quoting *Goodrow*, 184 A.3d at 1127).

In this case, we are satisfied that the requirements of the transactional rule have been met. As an initial matter, any question with regard to whether a bona fide purchaser had been secured could have been properly raised by plaintiff in the partition proceeding, at the July 16, 2018 hearing on the Motts' motion for an extension. When plaintiff entered an appearance in the partition proceeding prior to that hearing, it was well aware of the potentially adverse consequences that a transfer of the property to another who had been found by the court to be a bona fide

---

real property and, thus, appealable "in like manner as from a final judgment[.]" *See* G.L. 1956 § 9-24-7 ("[w]henever * * * a sale of real or personal property ordered, by an interlocutory order or judgment * * * an appeal may be taken from such order or judgment to the Supreme Court in like manner as from a final judgment").

- 9 -

purchaser could have had on its lease. Moreover, the hearing justice agreed not only to hear plaintiff on the merits of its arguments on its petition for reconsideration during that hearing, but he also granted plaintiff the opportunity to move to intervene in the matter. Under these circumstances, there was no barrier preventing plaintiff from raising the issue that Sky Blue was not a bona fide purchaser, as was required by the termination provision of the lease. *See* G.L. 1956 § 9-30-3 ("A contract may be construed either before or after there has been a breach thereof.").

Having determined that the issue that plaintiff now seeks to litigate could have been raised in the partition proceeding, we turn our attention, employing a pragmatic approach, to whether plaintiff's claim arises from the same transaction or series of transactions that were before the court in the partition proceeding. At the outset, we recognize that the very existence of the lease arose from the partition proceeding; the lease related to property that was being partitioned in that proceeding, and the justice who presided over that proceeding authorized the special master to enter into the lease with plaintiff. Moreover, counsel for plaintiff represented to the court that its interest in the matter applied "both as to leaseholder and * * * as the bidder" after the hearing justice made the comment that plaintiff's lease was subject to an option to terminate. Because the hearing justice provided plaintiff with the opportunity to be heard in its capacity as leaseholder, and because plaintiff entered an appearance and was given the opportunity to move to intervene in the case to represent that

interest in addition to its interest as bidder, it was entirely within the contemplation of both the court and defendants that plaintiff would make use of that opportunity to protect any interest in the matter that it had, including its interest as lessee. We conclude that, under these facts, the claim that plaintiff now seeks to litigate—whether Sky Blue was a bona fide purchaser—arises from the same transaction or series of transactions that was before the hearing justice in the partition action.

Furthermore, we are not inclined under the facts of this case to adopt the exception to the doctrine of *res judicata* that the plaintiff urges upon us. In *Seaport Studios, Inc.*, we recognized an exception to *res judicata* that has been adopted by some jurisdictions "whereby *res judicata* would not apply to claims stemming from new rights acquired in the same transaction, but after the complaint was filed in the first action." *Seaport Studios, Inc.*, 212 A.3d at 178. In that case, we declined to adopt that exception under the facts presented because "[t]he defendants [sought] to relitigate the same issue as in the prior action[.]" *Id.* We reach the same conclusion here. Although the issue of whether Sky Blue was a bona fide purchaser was not specifically litigated before the hearing justice in the partition proceeding, we decline to adopt an exception that would allow a party to consciously elect to forgo a fair and full opportunity to be heard and then raise that very claim in a new complaint at a later date. To allow this under these circumstances would

substantially undermine the policy underlying *res judicata*—"to economize the court system's time" and resources.[6] *ElGabri v. Lekas*, 681 A.2d 271, 275 (R.I. 1996).

## IV

## Conclusion

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court and remand the papers in this case to the Superior Court.

---

[6] The defendants also argue that the hearing justice erred by denying their motions for summary judgment on collateral estoppel grounds, maintaining that there exists an identity of the issues in both actions. Because we affirm the judgment of the Superior Court on *res judicata* grounds, and because defendants did not file a notice of appeal from the denial of their motions on collateral estoppel grounds, we need not, and do not, further address the merits on this issue.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | BI Boat Basin Associates, LLC v. Sky Blue Pink, LLC, et al. |
| **Case Number** | No. 2019-115-Appeal.<br>(WC 18-589) |
| **Date Opinion Filed** | December 15, 2020 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, and Robinson, JJ. |
| **Written By** | Associate Justice Francis X. Flaherty |
| **Source of Appeal** | Washington County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Kristin E. Rodgers |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>William Mark Russo, Esq.<br>Matthew John Pimentel, Esq.<br>Mark Jay Hagopian, Esq. |
| | For Defendants:<br><br>William J. Conley, Jr., Esq.<br>Stacey P. Nakasian, Esq.<br>Diedre E. Carreno, Esq. |

SU-CMS-02A (revised June 2020)